IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUY MORRA, WAYNE MORRA, ALBERT MORRA, ROBERTA FURNIER, AND ROBERT C. COLLINS, II, as Administrator of the ESTATE OF MARYANNA MORRA, <br><br> Plaintiffs, <br><br> v. <br><br> 700 MARVEL ROAD OPERATIONS, LLC, Individually and d/b/a MILFORD CENTER, GENESIS DE HOLDINGS, LLC, Individually and d/b/a Milford Center, GENESIS OPERATIONS, LLC, Individually and d/b/a Milford Center, and GHC HOLDINGS, LLC, Individually and d/b/a Milford Center, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) C.A. No. 22-627 (MN) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington, this 25th day of July 2022;

**I.    BACKGROUND**

Plaintiffs brought this case in the Superior Court for the State of Delaware, asserting state law claims of negligence and wrongful death related to the allegation that Maryanna Morra contracted COVID-19 at the Milford Center and died from it. Plaintiffs allegations include that Defendants "breached the duty of care in at least the following ways:

    a.    Failure to adequately screen visitors and staff to the Milford Center;

    b.    Failure to properly isolate patients;

    c.    Failure to consistently conduct COVID-19 screenings of patients; and

    d.    Failure to timely refer a patient to a higher level of care when there was a significant change in condition." (D.I. 1-1 ¶45).

Defendants removed the case to the District of Delaware "pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1442, 1446, and the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d & 247d-6e", further stated that "[t]his Court has original and exclusive federal question jurisdiction because the Complaint is subject to complete preemption under the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d, and also presents substantial and embedded questions of federal law under the *Grable* doctrine" and, finally said, that "[r]emoval is also proper under 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant acts at the direction of a federal officer or agency, and raises a 'colorable federal defense.'" (D.I. 1 at 1-2).

On June 21, 2022, in light of Judge Restrepo's Order in a similar case *Ward v. 700 Marvel Road*, C.A. No. 22-74 (LFR) and this Court's Order in yet another similar case *Hudson v. 700 Marvel Road*, C.A. No. 22-509 (MN), wherein both cases were remanded to Superior Court, the Court issued an Oral Order for the Defendants to show cause why this case should not also be remanded to Superior Court. (D.I. 7). On June 28, 2022, Defendants filed their response to the show cause order (D.I. 8). On July 11, 2022, Plaintiffs filed a letter asking the Court if it wanted Plaintiffs to respond to the show cause response, indicated that Plaintiffs believe the case was wrongly removed, and that Plaintiffs were in the process of preparing a motion to remand when the Order to Show Cause was issued. (D.I. 9).

II. **DISCUSSION**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [a case removed from state court] shall be remanded." 28 U.S.C. § 1447(c). A defendant has the burden to show the "existence and continuance of federal [subject matter] jurisdiction" for removal. *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010

(3d Cir. 1987). "It is settled that the removal statutes [28 U.S.C. §§ 1441-1452] are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth.,* 809 F.2d at 1010. When deciding whether to remand a case, the court is to accept as true all factual allegations in the complaint at the time of removal. *Id.*

As stated in *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 402 (3d Cir. 2021), "[n]ursing homes across the country face similar lawsuits. The story in all of these cases is essentially the same. Estates of deceased nursing-home residents sue the nursing homes in state court alleging that the nursing homes negligently handled COVID-19. The nursing homes remove to federal court on the basis of a combination of federal-officer removal, complete preemption, and a substantial federal issue. Nearly every federal district court to confront these cases has dismissed for lack of jurisdiction and remanded to the state court."[1] This Court will not disrupt *Maglioli*'s precedent.[2]

### A. The PREP Act

The *Maglioli* court held that, although the PREP Act creates an exclusive federal cause of action, it only does so with respect to claims for "willful misconduct" arising from the use or administration of a covered countermeasure under 42 U.S.C. § 247d-6d(d)(1), as defined by the Act. A PREP Act willful misconduct claim requires, among other things, an allegation that a defendant acted "intentionally to achieve a wrongful purpose." *See Maglioli,* 16 F.4th at 411 (quoting 42 U.S.C. § 247d-6d(c)(l)(A)(i)). As "nowhere in [the *Maglioli* complaints] d[id] the

---

[1] The *Maglioli* court noted that it appeared to be the first appellate court to decide the present issues. Since *Maglioli* on October 20, 2021, however, at least two other appellate courts have reached the same conclusion: *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022) (February 22, 2022) and *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580 (5th Cir. 2022) (March 10, 2022).

[2] On February 7, 2022, the Third Circuit issued an Order denying Appellants' petition for rehearing by the panel and the Court *en banc* thereby accepting the opinion of the Court as final.

estates allege or imply that the nursing homes acted 'intentionally to achieve a wrongful purpose,'" and despite allegations of willful misconduct to support a demand for punitive damages, *id.* at 411, the *Maglioli* court concluded that the "negligence claims do not fall within scope of the exclusive federal cause of action [and are therefore] not completely preempted, so they belong in state court." *Id.* at 408.

Here, as in *Maglioli*, Plaintiffs do not allege that Defendants acted intentionally to achieve a wrongful purpose. In fact, the word "intentional" does not appear in the Complaint. Plaintiffs' Complaint has two Counts – Negligence and Wrongful Death. As the *Maglioli* Court explained:

> Willful misconduct is a separate cause of action from negligence. The elements of the state cause of action need not 'precisely duplicate' the elements of the federal cause of action for complete preemption to apply. *Davila*, 542 U.S. at 216, 124 S.Ct. 2488. But complete preemption does not apply when federal law creates an entirely *different* cause of action from the state claims in the complaint. *See DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 452–53 (3d Cir. 2003). Congress could have created a cause of action for negligence or general tort liability. It did not. Just as intentional torts, strict liability, and negligence are independent causes of action, so too willful misconduct under the PREP Act is an independent cause of action.

*Maglioli,* 16 F.4th at 411.

As Plaintiffs' Complaint does not have the required willful misconduct independent cause of action, it is not completely preempted.

## B. The Grable Doctrine

*Maglioli* also considered whether the possibility of an affirmative defense under the PREP Act created federal question jurisdiction pursuant to *Grable & Sons Metal Products, Inc. v. Darue*

*Engineering & Mfg.*, 546 U.S. 308 (2005)[3] – and concluded that the existence of such a defense does not support removal:

> 'Federal preemption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.' *Metro. Life Ins. Co.*, 481 U.S. at 63, 107 S.Ct. 1542. Here, the nursing homes 'would at best be entitled to a preemption defense' under the PREP Act. *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 165 (3d Cir. 2014), *aff'd*, 578 U.S. 374, 136 S.Ct. 1562, 194 L.Ed.2d 671 (2016). The estates would properly plead their state-law negligence claims without mentioning the PREP Act, so the PREP Act is not 'an essential element of the plaintiff[s'] state law claim.' *Id.* at 163. We therefore lack federal-question jurisdiction under *Grable*.

*Maglioli,* 16 F.4th at 411.

As Plaintiffs' Complaint pleaded their state-law negligence claim without mentioning the PREP Act, the PREP Act is not "an essential element of the plaintiff[s'] state law claim" and, therefore, this Court lacks federal-question jurisdiction under *Grable*.

### C. Federal Officer Removal Statute

For a defendant to remove a case under 28 U.S.C. §1442(a)(1), four requirements must be met: (1) the defendant must be a "person" within the meaning of the statute; (2) the plaintiff's claims must be based upon the defendant "acting under" the United States, its agencies, or its officers; (3) the plaintiff's claims against the defendant must be "for or relating to" an act under color of federal office; and (4) the defendant must raise a colorable federal defense to the plaintiff's claims. *Maglioli,* 16 F.4th at 404 (citing 28 U.S.C. § 1442(a)(1) and *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016)).

---

[3] The *Grable* court held that " test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties" is whether "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities". *Grable*, 545 U.S. at 314.

In their response to the Court's Show Cause Order, Defendants argue that this case is "factually distinguishable" and "provides a more robust factual record than *Maglioli*" and, therefore, can be removed pursuant to the federal office removal statute.  Defendants contend that "nursing facilities went beyond regulatory compliance in assisting federal agencies to carry out the federal government's COVID-19 response and policy objectives."  (D.I. 8 at 2-3).  The Court disagrees.

The *Maglioli* court found that "nursing homes were not 'acting under' the United States, its agencies, or its officers."  *Maglioli*, 16 F.4th at 404.  As nursing homes are private parties, they can, however, invoke the federal-officer removal statute if they can show that they were "acting under" federal officers.  *Id.*, *see also Watson v. Philip Morris Cos.*, 551 U.S. 142, 147, 127 S.Ct. 2301, 168 L.Ed.2d 42 (2007).  Although the phrase "acting under" is broad and construed liberally, it is not boundless:

> Merely complying with federal laws and regulations is not 'acting under' a federal officer for purposes of federal-officer removal.  *Id.* at 153, 127 S.Ct. 2301.  Even a firm subject to detailed regulations and whose 'activities are highly supervised and monitored' is not 'acting under' a federal officer.  *Id.*  The nursing homes must demonstrate something beyond regulation or compliance.  They must show that their actions 'involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior.'  *Id.* at 152, 127 S.Ct. 2301.

*Maglioli,* 16 F.4th at 404.

The *Maglioli* court further went on to say:

> The nursing homes here do not assist or help carry out the duties of a federal superior.  They are not government contractors. . . .  They are not delegated federal authority, nor do they provide a service that the federal government would otherwise provide.

*Maglioli,* 16 F.4th at 405 (citing *Papp*, 842 F.3d at 812–13; *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 469 (3d Cir. 2015).

6

Here, the same conclusion is warranted. Defendants were not "acting under" a federal officer, they have not demonstrated something beyond regulation or compliance, they are not government contractors, and they are not providing a service that the federal government would otherwise provide. Therefore, removal pursuant to the federal officer statute fails and this case must be remanded to state court.[4]

As Defendants have not met their burden to show the "existence and continuance of federal [subject matter] jurisdiction" for removal and in accordance with *Maglioli*, IT IS HEREBY ORDERED that this matter is REMANDED to the Superior Court of the State of Delaware.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[4] Because the Court has concluded that Defendants were not "acting under" the United States, its agencies, or its officers, one of the four elements that must be met in order to remove a case under 28 U.S.C. §1442(a)(1), it need not reach the remaining elements.